**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:17-cv-22848-KMM

Bonnie Lucas,
Richard Lucas

      Plaintiffs,

v.

USAA Casualty Insurance Company,

      Defendant.
                                              /

**ORDER OF REMAND**

THIS CAUSE came before the Court upon Plaintiffs Bonnie Lucas and Richard Lucas's Motion to Remand (ECF No. 3) and upon Defendant USAA Casualty Insurance Company's Motion to Dismiss with Prejudice (ECF No. 14). The motions are now ripe for review. For the reasons set forth below, Plaintiffs' Motion to Remand is GRANTED and the Motion to Dismiss with Prejudice is DENIED AS MOOT.

**I.    BACKGROUND**

On February 21, 2017, Bonnie Lucas and Richard Lucas (hereinafter, "Plaintiffs") filed a complaint (hereinafter, the "Complaint") in the Circuit Court of the 11th Judicial Circuit in and for Miami Dade County against USAA Casualty Insurance Company (hereinafter, "Defendant"). *See* Exhibit 2 to Notice of Removal (ECF No. 1-2) at 10–15. On March 6, 2017, Defendant filed a motion to dismiss in that court. See *id.* at 3.

On July 28, 2017, Defendant filed a Notice of Removal (ECF No. 1) in this Court. On August 1, 2017, Plaintiffs filed a Motion to Remand (ECF No. 3) on the grounds that

1

Defendant's removal was untimely, to which Defendant filed a Response in Opposition (hereinafter, the "Opposition") (ECF No. 6).

On November 17, 2017, Defendant filed a Motion to Dismiss (ECF No. 14) in this action. Defendant, in both the Opposition and the Motion to Dismiss, argues that this case should be dismissed pursuant to the doctrine of *res judicata*. In support, Defendant notes that Plaintiffs previously filed a case involving the same parties and subject matter in state court (Case No. 2016-017389-CA-01), which was similarly removed to this Court (Case No. 16-cv-23946-Scola), and subsequently dismissed by Judge Robert N. Scola. *See* Opp'n (ECF No. 6) at 1–3; Mot. to Dismiss (ECF No. 14) at 1–6. Plaintiffs oppose the Motion to Dismiss on the grounds that the removal was untimely, and argue that the case must be remanded. See Pls.' Opp'n (ECF No. 17).

## II. DISCUSSION

A defendant may remove a civil action from state court to the district court of the United States for the district within which such action is pending, provided that the district court has jurisdiction. *See* 28 U.S.C. § 1441(a).[1] Generally, a defendant desiring to remove a civil action from state court must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."[2] *See* 28 U.S.C. § 1446(b)(1). Removing

---

[1] Although jurisdiction is not in dispute, the Court notes that diversity jurisdiction exists here on the face of the Complaint. *See* Complaint (ECF No.1-2) at 10–11 (alleging that the damages exceed $75,000, that Plaintiffs are citizens of Florida, and that Defendant is a citizen of Texas); *see also* 28 U.S.C. § 1332(a) (providing that diversity jurisdiction exists where the action is between citizens of different states and the amount in controversy exceeds $75,000).

[2] An exception to this rule exists "if the case stated by the initial pleading is not removable." See 28 U.S.C. § 1446(b)(3). However, as previously noted, diversity jurisdiction over this action is apparent from the face of the Complaint. *See* fn. 1.

"[d]efendants bear the burden of proving that jurisdiction exists and that they complied with the procedural requirements of removal . . . ." *Cinnater v. R.J. Reynolds Tobacco Co.*, No. 615-CV-1252-ORL28GJK, 2015 WL 7450494, at *3 (M.D. Fla. Nov. 24, 2015) (citation omitted).

Here, Defendant filed the Notice of Removal (ECF No. 1) on July 28, 2017. Although it is unclear from the record when Defendant received a copy of the Complaint, it is clear that Defendant received it on or before March 6, 2017—the date on which Defendant filed a motion to dismiss the Complaint in state court. *See* Exhibit 2 to Notice of Removal (ECF No. 1-2) at 3. Thus, at least 144 days elapsed between the date on which Defendant received a copy of the Complaint and the date on which Defendant removed the case to this Court. As a result, Defendant's removal is untimely by over one hundred days.

"It is settled law that an untimely removal constitutes a defect in the removal process, and that a remand based upon such a defect is encompassed by section 1447(c)." *Solomon Law Grp., P.A. v. NFL Player Second Career Sav. Plan*, No. 8:10-CV-2243-T-33TBM, 2011 WL 13175599, at *3 (M.D. Fla. Sept. 2, 2011) (quoting *Tipp v. AmSouth Bank*, 89 F. Supp. 2d 1304, 1307 (S.D. Ala. 2000)). Defendant argues that its Motion to Dismiss, which is premised on *res judicata*, should nevertheless compel this Court to dismiss the case, rather than remand it. However, Defendant provides no authority in support of the proposition that arguments premised on *res judicata* should excuse the untimeliness of a removal, much less the drastic untimeliness present in this case.[3] Thus, Defendant has failed to satisfy its burden of proving that it "complied with the procedural requirements of removal," *Cinnater*, 2015 WL 7540494 at *3; *see also*

---

[3] Defendant, instead, cites inapposite authority concerning when a federal court may stay state court proceedings. *See* Opp. (ECF No. 6) at 2–5.

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments.").[4]

"Given the narrow construction with which removal statutes are to be construed and the fact that any doubts should be resolved in favor of remand, the Court finds that this case must be remanded." *Solomon Law Grp.*, 2011 WL 13175599 at *3.

### III.   CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED as follows:

1. Plaintiffs' Motion to Remand (ECF No. 3) is GRANTED;

2. Defendant's Motion to Dismiss (ECF No. 14) is DENIED AS MOOT;

3. The Clerk of Court is instructed to close this case;

4. All other pending motions are DENIED AS MOOT, except for the pending Sanctions Motion against Ronald Gilbert (ECF No. 15), which shall remain before the Court.

**DONE and ORDERED** at Miami, Florida, this 31st day of January, 2018.

                                            K. MICHAEL MOORE
                                            CHIEF UNITED STATES DISTRICT JUDGE

cc: All counsel of record

---

[4] Moreover, the Court notes that Defendant's Motion to Dismiss (ECF No. 14) is also untimely because it was filed 112 days after the Notice of Removal (ECF No. 1). *See* Fed. R. Civ. P. 81(c)(2).